UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>     v.<br><br>KEITH SMILEY | HONORABLE JOSEPH E. IRENAS<br><br>CRIM. NO. 99-60 (JEI)<br><br>**MEMORANDUM ORDER<br>DENYING MOTION FOR<br>CORRECTION OF SENTENCE<br>(Docket No. 538)** |

**APPEARANCES:**

Rajah Miller, *pro se*
Reg. No. 20175-050
U.S.P. Lewisburg
P.O. Box 1000
Lewisburg, PA 17837
     Defendant

**IRENAS**, Senior District Judge:

   This matter having appeared before the Court upon Defendant Rajah Miller's "Motion for Correction of Sentence Due To The Misapplication Of The Sentencing Guidelines Pursuant to 18 U.S.C. [§§] 3742(a)(2) and 3582(c)(2)[,]" the Court having reviewed the motion, and it appearing that:

   1.  Movant Rajah Miller ("Miller") was a defendant in a criminal matter which was tried to a jury verdict before then-United States District Judge Stephen M. Orlofsky.  Miller was convicted of conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. § 846.

   2.  On December 4, 2000, Judge Orlofsky sentenced Miller to a prison term of 188 months.  Thereafter, Miller unsuccessfully

appealed his conviction to the Court of Appeals for the Third Circuit.

    3. Miller levied a series of unsuccessful collateral challenges to the validity of his conviction, as follows--

        a. The following proceedings occurred with respect to the matter of *Miller v. United States*, Civil Action No. 02-3986:

            i. On August 16, 2002, Miller filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The petition was denied by this Court in an Order and Opinion dated June 4, 2003. Both this Court and the Third Circuit denied Miller's request for a certificate of appealability.

            ii. This Court denied Miller's request for leave to file a motion pursuant to Fed. R. Civ. P. 60(b) via an Order dated January 4, 2006.

        b. The following proceedings occurred with respect to the matter of *Miller v. United States*, Civil Action No. 04-4580:

            i. On September 22, 2004, Miller filed a document styled as a "Motion To Be Relieved From Final Judgment Herein Pursuant To Rule 60(b)(6) Of The Federal Rules Of Civil Procedure." This Court

       treated the motion as a petition to certify a second or successive motion under 28 U.S.C. § 2255, and transferred the matter to the Court of Appeals for the Third Circuit.

       ii.  The Third Circuit denied Miller's application to file a second or successive petition under 28 U.S.C. § 2255.

c.  The following proceedings occurred with respect to the matter of *Miller v. United States*, Civil Action No. 05-3207:

       i.  On June 24, 2005, Miller filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

       ii.  On June 29, 2005, this Court dismissed the petition for want of jurisdiction as it was a second or successive § 2255 petition filed without leave from the Court of Appeals for the Third Circuit.

d.  The following proceedings occurred with respect to the matter of *Miller v. United States*, Civil Action No. 05-3638:

       i.  On July 18, 2005, Miller filed a motion seeking relief from final judgment pursuant to Fed. R. Civ. P. 60(b)(6).  This Court directed the

>> Government to answer Miller's allegations.
>
>> ii.  The Court denied Miller's motion in an Order dated September 20, 2005.

4.  Miller's current filing is entitled "Motion For Correction Of Sentence Due To The Misapplication Of The Sentencing Guidelines Pursuant to 18 U.S.C. [§§] 3742(a)(2) And 3582(c)(2)."  Therein, Miller argues that he was sentenced based on an incorrect determination of the quantity of cocaine involved in his offense.

5.  Title 18, section 3742(a)(2) of the United States Code provides that "[a] defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence . . . was imposed as a result of an incorrect application of the sentencing guidelines[.]"  Pursuant to Federal Rule of Appellate Procedure 4(b), a criminal defendant must file a notice of appeal within ten days of the entry of judgment. *United States v. Lynch*, 158 F.3d 195, 196 n.1 (3d Cir. 1998).[1] Thus, to the extent Miller seeks relief under § 3742, his motion is untimely.  Moreover, § 3742 does not authorize a district court to resentence a defendant, except in a case on remand from a court of appeals.  *See* 18 U.S.C. § 3742(g).  Therefore, this Court has no authority to afford relief to Miller under § 3742,

---

[1] Indeed, Miller timely filed such a notice on December 11, 2000. *See United States v. Smiley*, Crim. No. 99-60, Dkt. No. 338 (D.N.J. filed Dec. 11, 2000).

4

given the posture of this case.

    7. Under 18 U.S.C. § 3582(c)(2), the Court may reduce the term of imprisonment imposed upon a defendant "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v.. Williams*, 282 F.App'x 119, 122 (3d Cir. 2008) (quoting 18 U.S.C. § 3582(c)(2)).  Here, no sentencing range involved in the calculation of Miller's sentence has since been lowered by the Sentencing Commission.  Therefore, § 3582(c)(2) does not authorize the Court to resentence Miller.

    And for good cause appearing;

    **IT IS** on this   16  th day of June, 2009,

    **ORDERED THAT:**

    1. Rajah Miller's "Motion For Correction Of Sentence Due To The Misapplication Of The Sentencing Guidelines Pursuant To 18 U.S.C. [§§] 3742(a)(2) And 3582(c)(2)" is hereby **DENIED**.

                                            s/ Joseph E. Irenas
                                       **JOSEPH E. IRENAS, S.U.S.D.J.**